IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CARL BRAD WARD, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| vs. ] | 5:12-cv-3418-KOB-RRA |
| ] | |
| WARDEN CARTER DAVENPORT, et al., ] | |
| ] | |
| Respondents. ] | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. On April 4, 1991, the petitioner, Carl Brad Ward, was indicted by a Lawrence County grand jury on charges of capital murder. He was convicted of murder on October 4, 1991, in the Circuit Court of Lawrence County, and sentenced to a term of life imprisonment.

The Alabama Court of Criminal Appeals affirmed Ward's conviction on May 1, 1992. *Ward v. State,* 610 So. 2d 1190 (Ala. Crim. App. 1992). Ward's motion for rehearing was denied on July 24, 1992. *Id.* The Alabama Supreme Court denied Ward's petition for a writ of certiorari on December 4, 1992. *Id*

On May 5, 1993, Ward filed a Rule 32 petition in the Circuit Court of Lawrence County. An evidentiary hearing was held on the petition on December 20, 1993. At the hearing, Ward was assisted by court-appointed standby counsel. On March 22, 1994, the

trial court denied the petition on the merits. On May 5, 1995, the Alabama Court of Criminal Appeals affirmed the denial of the petition.

On February 25, 1996, Ward filed a petition for a writ of habeas corpus in this court challenging his 1991 murder conviction. *Ward v. Davis*, 5:96-cv-0272-RBP-RRA The petition was denied on the merits on October 3, 1997. The Eleventh Circuit Court of Appeals dismissed his appeal on April 14, 1998, for failure to pay the filing fee.

In September, 2008, Ward filed a second Rule 32 petition in state court. *See Ex parte Carl Brad Ward*, 89 So. 3d 720, 721 (Ala. 2011). The trial court summarily denied the petition. *Id*. The Alabama Court of Criminal Appeals affirmed the denial of the petition on September 25, 2009. *Ward v. State*, 57 So. 3d 2010 (Ala. Crim. App. 2009)(table). The Alabama Supreme Court granted Ward's petition for a writ of certiorari on a claim of newly discovered material facts and denied review as to his other claims. On June 3, 2011, the Alabama Supreme Court reversed "the judgment of the Court of Criminal Appeals and remand[ed] the cause to that court for it to in turn remand it to the circuit court" to give Ward the opportunity to prove his allegations of newly discovered material facts. *Ex parte Carl Brad Ward*, 89 So. 3d at 729. On July 29, 2011, the Alabama Court of Criminal Appeals remanded the case to the trial court "for that court to conduct an evidentiary hearing on Ward's allegation of newly discovered evidence."[1] *Ward v. State*, 89 So. 3d 729, 730 (Ala. Crim. App. 2011). Ward states that the trial court appointed counsel to assist him and took

---

[1] The court also noted that instead of an evidentiary hearing, the trial court could take evidence by affidavits, written interrogatories or depositions, as provided in Rule 32.9 of the Alabama Rules of Criminal Procedure. *Id*.

evidence by affidavits. However, Ward's new evidence could not be located and the trial court denied relief again. He states that on January 27, 2012, on return to remand, the Alabama Court of Criminal Appeals affirmed the trial court's denial of his petition. Ward states that he did not receive notice of the appeals court's decision until August 22, 2012.

Ward has now filed a second petition in this court challenging his 1991 murder conviction. However, he has offered nothing to indicate that he has obtained authorization from the Eleventh Circuit Court of Appeals to file a successive petition in this court.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The clear effect of this provision is to establish a statutory pre-condition to the filing of a "second or successive" habeas petition, requiring the applicant to obtain the authorization of the United States Court of Appeals for the Eleventh Circuit **before** it is filed in the district court. The purpose of the statute is to prevent the filing of successive petitions and to deprive the district court of jurisdiction to consider successive petitions unless and until it has been authorized by the appropriate court of appeals. The new restrictions on successive petitions apply to a successive habeas petition even if the first petition was denied prior to the effective date of the AEDPA. *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997).

It does not appear that Ward has obtained authorization from the Eleventh Circuit Court of Appeals to bring a successive petition before this court. Thus, the petition is due to

be DISMISSED pursuant to 28 U.S.C. § 2244(b)(3)(A), which requires a petitioner filing a second or successive petition to obtain an order from the court of appeals, authorizing the district court to consider the petition. If the petitioner obtains the required order allowing him to file a successive petition in this court, he may re-file his petition in this court.[2]

In accord with the foregoing, the magistrate judge recommends that the petition for a writ of habeas corpus be DISMISSED to allow the petitioner to petition the Eleventh Circuit Court of Appeals for authorization to file a successive petition in this court.

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed in the office of the Clerk. Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain. Frivolous, conclusive, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this Report and Recommendation upon the petitioner and counsel for the respondents.

---

[2] The petitioner should note, however, that even if he obtains the necessary permission from the Eleventh Circuit Court of Appeals to file a successive petition, his petition could be barred by the one-year statute of limitations created by the AEDPA.

DONE this 12th day of October, 2012.


_____
Robert R. Armstrong, Jr.
United States Magistrate Judge